## No. 41,010

J. P. NELSON, NELLE STEVENS NELSON, FRED W. FARR, MABEL M. FARR, FRED D. EATON, ALICE M. EATON, DONALD W. GIBSON, DELORES GIBSON, RONALD GIBSON, CARRIE GIBSON, RAMONA GRIMSLEY OWEN, C. A. NICHOLAS, HULDA NICHOLAS, CLARENCE HINRICHS, NORMA HINRICHS, HARRY BAILEY, LEONA E. BAILEY, HUGH W. JONES, EMMA PEARL JONES, T. J. MARLAR, LOUISE MARLAR, GWILYM L. HUGHES, MARY A. HUGHES, HARRY POTTER, CLEO POTTER, FRANK GOLDEN, BERNICE GOLDEN, and MAME HENDERSON, *Appellants*, v. THE CITY OF EMPORIA, LYON COUNTY, KANSAS, FRANK F. ECKDALL, Mayor of the City of Emporia, Kansas, GEORGE GROH, Commissioner of the City of Emporia, Kansas, GROVER PIPER, Commissioner of the City of Emporia, Kansas, and ROBERT W. CUNNINGHAM, City Manager of the City of Emporia, Kansas, *Appellees*.

(341 P. 2d 977)

Opinion filed July 10, 1959.

*Everett E. Steerman* and *Elvin 'D. Perkins*, both of Emporia, argued the cause and were on the briefs for the appellants.

*Dale A. Spiegel*, of Emporia, argued the cause and was on the briefs for the appellees.

*Richard Mankin*, County Attorney, argued the cause and was on the brief for the Board of County Commissioners, appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action by private landowners to enjoin the city of Emporia and its officials from maintaining a city dump as being in violation of Lyon county zoning regulations. During the course of the trial the county was permitted to intervene as a party defendant. The trial court denied an injunction and plaintiff landowners have appealed.

The basic question involved is whether the dump site was zoned by the county, under the zoning regulations adopted, in such a way that it could not legally be used as a dump site for trash and refuse.

Pursuant to the authority found at G. S. 1957 Supp. 19-2927 to 19-2936, Lyon county adopted zoning regulations and plaintiffs concede they were adopted in accordance with the statute. Pertinent portions of Section I of the regulations read:

"SECTION I

"Districts and General Regulations

"Districts

"A. That portion of Lyon County, Kansas, between the existing city limits of the City of Emporia, Kansas, and three (3) miles beyond said existing City limits of the City of Emporia, Kansas, is hereby divided into Districts, which Districts are named as follows:

"R-1 Single Family Residential Districts
"R-2 Multi-family Residential Districts
"C-1 Commercial Districts
"L-I Light Industrial Districts
"H-I Heavy Industrial Districts

"B. The location and boundaries of the Districts shall be shown on the plan entitled 'Lyon County Zoning Plan,' said plan and all notations, dimensions and designations shown thereo are hereby declared to be a part of this resolution, and which plan is attached to this resolution.

"C. Where there is uncertainty as to the boundary of any of the Districts shown on the aforesaid plan, the following shall apply: (a) The District boundary lines are intended to follow the existing street, road, alley, lot or property lines as they exist at the time of the passage of the resolution, unless oherwise indicated by dimensions on the zoning plan. . . .

. . . . . . . . . . .

"8. As the three-mile boundary changes, any additional territory shall automatically be in the R-1 District until changed by an amendment to this resolution as provided by law."

In compliance with paragraph "B," above, a "Lyon County Zoning Plat" was prepared and made a part of and attached to the regulations. This plat, or map, was of the city of Emporia and the

surrounding area, and the area zoned was within the perimeter of a circle drawn on the map, the city being in the middle thereof.

It is conceded that an irregular tract known as "Soden's Grove" was at all times material owned by the city and was a part thereof. It is connected to the city proper by a road which also was a part of the city.

The forty-acre tract purchased by the city for use as a dump site is outside the perimeter of the circle shown on the map in question, but the north line of such tract is about two and one-half miles south of the south border of the city park known as Soden's Grove. Disregarding Soden's Grove, the perimeter of the circle is three miles south of Logan Avenue which is the "generally recognized" south line of the city.

In holding that plaintiff landowners were not entitled to enjoin the city from using the tract in question as a dump site, the trial court stated:

". . . It is not for this Court to determine whether or not the action of the governing body of the city was wise or unwise in the selection of the site for the city dump.

"The law creating or providing for the right of the county to zone three miles on each side of the city limits makes no provision for maps or plats but the zoning regulations adopted by the county commissioners provides for a map designated as 'Lyon County Zoning Plan' to show the location and boundaries of the districts included in the zoned areas and this plan was made a part of and attached to the zoning regulations.

"The Court is of the opinion that this plan is a very important part of the regulations and that a large reproduction of the plan should be displayed in a certain designated place—possibly the County Engineer's office—and the public should be informed of that fact. When [Then] the property owners living outside the city limits would be able to find out if they were affected by the zoning regulations.

"Lyon County had the right to zone for three miles in all directions from the existing city limits of the City of Emporia but the boundaries of the existing city limits are so completely irregular that it would be virtually impossible to locate a circular boundary around the city limits without certain points in the boundary line being less than three miles from the city limits.

"The land purchased by the city was not included within the zoned area shown on the plan and the city commissioners had the right to rely on that fact.

"Judgment is rendered for the defendants. Plaintiffs are ordered to pay the costs herein."

## Material portions of the journal entry of judgment read:

"Thereupon, the Court finds that the map or plat attached to the zoning ordnance and referred to and incorporated therein by reference, indicates by the deformed circle the outer boundaries or limitations of the area to be zoned

under such resolution, that said map or plat controls over the words, phrases and clauses contained in such regulations establishing the zoned area as extending from the city limits of the City of Emporia, Kansas, to a point three miles beyond said city limits. The Court further finds, by reason thereof, that the real estate described in the plaintiffs' petition upon which the defendants propose to establish and maintain a dump lies without and beyond the area zoned by the Zoning Regulations of Lyon County, Kansas, adopted by resolution on June 26, 1956, and that by reason thereof an injunction should be denied to the plaintiffs.

"THE COURT ORDERS that the injunction prayed for by plaintiffs in their petition be denied, that judgment be entered for the defendants with the costs to be paid by the plaintiffs."

In other words, the situation amounted simply to this:

From the record presented, the perimeter of the circle on the map in question was three miles, or substantially so, from the city limits on all sides except for Soden's Grove, an irregular tract south of the city but which technically was a part thereof. The dump site was outside and beyond the perimeter of the circle but was not three miles beyond the south edge of Soden's Grove.

Because of this plaintiffs contend the court erred in holding that the dump site was not included in the area zoned by the county, and argue that in order to give paragraph "8," above, any meaning, the entire regulations must be construed to indicate that the county intended to zone all of the three-mile area on all sides of the city.

We recognize the force and logic of this argument, but, nevertheless, agree with the trial court's analysis of the question. Under paragraph "B," above, the locations and boundaries of the districts were to be shown on the plat or map, and all notations, dimensions and designations shown thereon were declared to be a part of the resolution under which the zoning regulations were adopted. This was done, and the "dimensions" of the area zoned were indicated and established by the circle on the map. The tract purchased by the city for the dump site was outside the perimeter of the circle— therefore outside the area zoned. Such being the case, the creation and maintenance of the dump did not violate the zoning regulations and the injunction was properly denied.

We have considered various other contentions advanced by the parties, but on the record before us they require no discussion. It has not been made to appear the trial court erred in its disposition of this case and the judgment is affirmed.